**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JIMMY H. COKER**                                                                                            **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 4:06CV47LA**

**ROOSEVELT DIXON**                                      **DEFENDANT**

### ORDER

This matter came before the court on the Defendant's Motion to Strike Plaintiff's Designation of Experts, the Defendant's Motion to Strike Plaintiff's Second Amended Designation of Experts, the Plaintiff's Motion to Amend his Designation of Expert Witnesses, and the Plaintiff's Counter-Motion for Additional Time in which to Supplement his Designation of Experts. The events giving rise to these Motions are described below. Due to the circumstances described, and for the reasons more fully set out in the following paragraphs, the court is of the opinion that the designations of the Plaintiff's original experts should be permitted and he should also be permitted to designate Dr. Stringer. However, the court is of the further opinion that the Plaintiff's designation of Donald Rawson was both untimely and unnecessary, and he should be not be designated as an expert in this matter.

Discovery is scheduled to end on December 18. The deadlines for designating expert witnesses was September 18 for the Plaintiff and October 18 for the Defendant. On those dates, each side designated expert witnesses. On October 30, however, the Defendant filed his first Motion to Strike the Plaintiff's experts, on grounds that his designation of Dr. Michael Molleston and Bruce Brawner was incomplete, for failure to attach reports or include other information required by Fed. R. Civ. P. 26(a)(2) and Unif. Local R. 26.1(A)(2). On the following day, the Plaintiff moved to

amend his designation, asking that he be permitted to add Dr. Lynn Stringer, one of his treating physicians, as an expert.

On November 7, the Plaintiff responded to the Motion to Strike, and in his response, also asked for an additional thirty days within which to designate an accident reconstructionist. (The practice of including a request for relief in the response to a motion is **strongly** discouraged by the court, as it creates confusion as to the timing of a response and the timing and availability of rebuttal. Additionally, because the response was not docketed as a motion, the court could have overlooked this request for relief.) Also on November 7, the Plaintiff filed an Amended Designation of Expert Witnesses, in which he included additional information on Dr. Molleston and Bruce Brawner. On November 14, the Plaintiff filed a Second Amended Designation of Expert Witnesses, in which he added Donald W. Rawson, an accident reconstructionist, as an expert. On November 20, the Defendant filed his second Motion to Strike, in which he contested the addition of Donald Rawson as an expert witness.

With regard to the Defendant's first Motion to Strike, the court assumes that the deficiencies enumerated therein have been cured. However, out of an abundance of caution, the court will grant the first Motion to Strike in part and set a deadline by which all of the information provided by Fed. R. Civ. P. 26(a)(2) and Unif. Local R. 26.1(A)(2) must be served. The Plaintiff's Motion to Amend his Designation of Expert Witnesses will also be granted, as the Defendant does not object to the addition of Dr. Stringer.

The issue before the court is whether the Plaintiff should be permitted to add Donald Rawson as an expert almost two months after his deadline for designating experts expired. In response to the second Motion to Strike, the Plaintiff recounts all of the Defendant's deficiencies in designating

experts – an argument that is rarely successful in the absence of a motion to strike or a motion to compel on the part of the complaining party. The Plaintiff also characterizes Rawson as a rebuttal witness. However, the witness whose testimony he would rebut – Brett Alexander – has been designated by the Defendant only to authenticate photographs that he took and a scaled diagram that he prepared. He is not going to be asked to reconstruct the accident or to give his opinion on causation. Where the testimony of a witness is limited, essentially, to his personal experience, there is no need for an expert to be designated in rebuttal. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1222 (5th Cir. 1995). Therefore, the court is of the opinion that the Defendant's second Motion to Strike should be granted.

     IT IS, THEREFORE, ORDERED, as follows:

1. The Defendant's Motion to Strike Plaintiff's Designation of Experts is **granted** in part and **denied** in part. The experts designated by the Plaintiff on September 18, 2006, will not be struck; however, to the extent that all information required by Fed. R. Civ. P. 26(a)(2) and Unif. Local R. 26.1(A)(2) has not been served, it shall be submitted to the Defendant by December 22, 2006.

2. The Plaintiff's Motion to Amend his Designation of Expert Witnesses is hereby **granted**.

3. The Plaintiff's Counter-Motion for Additional Time in which to Supplement his Designation of Experts is hereby **denied**.

4. The Defendant's Motion to Strike Plaintiff's Second Amended Designation of Experts is hereby **granted**.

IT IS SO ORDERED, this the 11th day of December, 2006.

                                                S/Linda R. Anderson
                                      UNITED STATES MAGISTRATE JUDGE